■ In the Matter of ATREET CORPORATION, Appellant, v CAROL O'CLEIREACAIN, as Commissioner of the New York City Department of Finance, et al., Respondents. [612 NYS2d 211] —In a proceeding pursuant to CPLR article 78 to review a determi-

nation of the respondents made in July 1991 of the amount of taxes owed by the petitioner, the petitioner appeals from a judgment of the Supreme Court, Richmond County (Amann, J.), entered July 15, 1992, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

In 1981, the City commenced an in rem tax foreclosure action against a certain parcel of real property located in Staten Island and owned by the petitioner, a business corporation. Acting to avoid a final judgment of foreclosure on the property, on March 6, 1984, the petitioner entered into an in rem installment agreement with the City calling for payments totalling $425,385, which represented the outstanding unpaid real estate taxes, water, and sewer charges, and interest due as of March 6, 1984. The agreement did not account for interest which accrued during the term of the agreement, because the interest rate on delinquent taxes is subject to annual modification by the City Council.

In July 1991, acting pursuant to a provision in the installment agreement, the City charged the petitioner a "single lump-sum payment" of $312,652.12, representing the remaining balance of the original $425,385.00, plus interest which had accrued since the parties had executed the installment agreement.

After making the lump sum payment, the petitioner commenced the instant proceeding, challenging the City's calculation of the amount of the lump sum payment. The Supreme Court dismissed the proceeding. We affirm.

The Supreme Court properly determined that Administrative Code of the City of New York § 11-224 (j), which provides for a 10% interest rate in installment agreements of this sort, has no application in this case. Indeed, the language of section 11-224 (j) clearly limits its application to agreements which were entered into between its effective date, and April 30, 1982. The subject agreement was executed in 1984, almost two years thereafter. We additionally find that the Supreme Court properly determined that the interest provision contained in Administrative Code § 11-224 (g) applies.

Further, the City's action in applying the payments made under the subject installment agreement to satisfy the petitioner's oldest debts first was not arbitrary and capricious.

We have examined the petitioner's remaining contentions and find them to be either unpreserved for appellate review or without merit. Sullivan, J. P., Rosenblatt, Pizzuto and Altman, JJ., concur.